IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| JAMES R. HANKINS, | § |
| Petitioner, | § |
| vs. | §  No. 09-2391-STA/dkv |
| JAMES FORTNER, | § |
| Respondent. | § |

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
(DOCKET ENTRY 18)
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On May 26, 2009, Petitioner James R. Hankins, Tennessee Department of Correction ("TDOC") prisoner number 99070, an inmate at the Turney Center Prison and Farm ("TC") in Only, Tennessee, filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee. (Docket Entry ("D.E.") 1.)  On June 5, 2009, United States District Judge Aleta Trauger transferred the action to the Western District of Tennessee. (D.E. 6.)  On September 29, 2009, the Court directed Respondent James Fortner to respond to the petition. (D.E. 9.)  On November 18, 2009, Respondent filed a motion to dismiss the petition as time-barred, along with a memorandum in support and an appendix. (D.E. 18.)  On December 15, 2009, Petitioner Hankins filed a response to the motion to dismiss.

I.   UNDERLYING STATE COURT PROCEDURAL HISTORY

On November 3, 1994, Petitioner was convicted of first-degree felony murder, attempted first-degree felony murder, and especially aggravated robbery in Shelby County Criminal Court. Petitioner was sentenced to life imprisonment and two thirty year sentences, respectively. Petitioner appealed. The Tennessee Court of Criminal Appeals affirmed the convictions for first-degree felony murder and especially aggravated robbery, but reversed and dismissed the judgment of conviction for attempted felony murder. The appellate court determined that the trial court correctly ordered the life sentence for felony murder and the thirty year sentence for aggravated robbery to run consecutively, and further ordered Hankins' life sentence to be served consecutively to the sentence for which Hankins' was on parole. State v. Hankins, No. 02C01-9603-CR-00098, 1997 Lexis 497 (Tenn. Crim. App. May 13, 1997)(no app. filed)(D.E. 18-3, Addendum B.)

On April 21, 1998, Hankins filed a post-conviction petition, which the Shelby County Criminal Court judge denied after an evidentiary hearing. (D.E. 18-2 at 37-60, 64, 67-75; D.E. 18-4.) On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of relief in every respect except that counsel on direct appeal failed to follow the required procedures for withdrawal of counsel. The appellate court determined that Hankins was entitled to have the judgment of the Court of Criminal Appeals on direct appeal vacated and reinstated nunc pro tunc on the date of the filing of the opinion so that Hankins could seek second-tier review

2

with the Tennessee Supreme Court. Hankins chose not to do the latter, but did seek discretionary review in the Tennessee Supreme Court challenging the judgment of the Tennessee Court of Appeals which affirmed the denial of the remainder of his post-conviction issues. <u>Hankins v. State</u>, No. W1999-00529-CCA-R3-PC, 2001 WL 285221 (Tenn. Crim. App. Mar. 22, 2001), <u>perm. app. denied</u>, (Tenn. Dec. 17, 2001). Hankins did not file a petition for writ of certiorari with the United States Supreme Court.

On July 21, 2007, Hankins filed a petition for writ of habeas corpus in the Wayne County Circuit Court alleging that the indictment underlying his aggravated robbery conviction was fatally flawed. The habeas court dismissed the petition, determining that Petitioner had waived any potential defect in the indictment by failing to raise the issue before trial, and that, regardless, the indictment was not defective. The Tennessee Court of Criminal Appeals affirmed the judgment of the habeas trial court. <u>Hankins v. Lindamood</u>, 2008 WL 2938041 (Tenn. Crim. App. July 31, 2008), <u>perm. app. denied</u> (Tenn. Dec. 8, 2008).

II. <u>PETITIONER'S FEDERAL HABEAS CLAIMS</u>

Hankins alleges in this habeas petition that:

1. Trial counsel was ineffective;

2. Petitioner has been denied due process; and

3. The findings of fact of the trial and appellate courts are clearly erroneous.

(D.E. 1.)

III. <u>MOTION TO DISMISS</u>

Respondent contends that Hankins filed his petition beyond the one-year statute of limitation in 28 U.S.C. § 2244(d)(1). Hankins contends that he is actually innocent of the crimes and was also unaware of his rights due to "mental incompetence, indigence, and lack of representation." (D.E. 19 at 1-2.)

IV. <u>LEGAL STANDARDS APPLICABLE TO HABEAS PETITIONS</u>

A.   <u>Timeliness</u>

The Anti-terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, <u>inter alia</u>, at 28 U.S.C. §§ 2244 <u>et. seq.</u>) ("AEDPA") established a limitations period for state inmates filing habeas petitions in federal court pursuant to 28 U.S.C. § 2254.  Because this petition was filed after April 24, 1996, the AEDPA is applicable.  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997).  Twenty-eight U.S.C. § 2244(d)(1) reads as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

4

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (2) of § 2244(d) further provides that the "time during which a properly filed application for State post-conviction" relief is pending is not to be counted in the calculation of § 2244(d)'s limitations period.

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on December 17, 2001. The statute of limitations for filing a federal habeas petition began running on March 18, 2002, the date on which Hankins judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Hankins' AEDPA statute of limitations expired on March 18, 2003. He did not file his federal habeas petition until May 26, 2009.

Any contention that the state habeas petition, filed on July 21, 2007, was a "properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and Artuz v. Henderson, 431 U.S. 4 (2000), sufficient to toll the running of the limitations period, is unavailing. The state habeas petition was not filed until after the AEDPA limitations period had already expired. Owens v. Stine, No. 01-1200, 27 Fed. Appx. 351, 353 (6th Cir. Oct. 2, 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period

5

because there is no period remaining to be tolled."). Under a straightforward application of § 2244(d) and Austin v. Mitchell, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is untimely.

B. Equitable Tolling

In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. The Court identified five factors that are relevant in determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008; see also Solomon v. United States, 467 F.3d 928, 933 (6th Cir. 2006).[1] "These five factors are not comprehensive, nor is each factor relevant in all cases." Solomon, 467 F.3d at 933. The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." See Solomon, 467 F.3d at 933; Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003); Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002); Dunlap, 250 F.3d at 1008-009.

Since the decision of the Sixth Circuit in Dunlap, the Supreme Court has decided that a petitioner seeking equitable tolling of

---

[1] The five factors identified in Dunlap are identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented the timely filing of his habeas petition. Lawrence v. Florida, 549 U.S. 327, 336 (2007)(citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).[2] "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado, 337 F.3d at 642 (quoting Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000)); see also King v. United States, 63 F. App'x 793, 795 (6th Cir. 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day).

Ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 F. App'x 110, 112 (6th Cir. 2003); Harrison v. I.M.S., 56 F. App'x 682, 685-86 (6th Cir. 2003); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."). Ignorance of time constraints imposed by the AEDPA does not excuse lack of diligence. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999)("ignorance

---

[2] To the extent there are inconsistencies between the Supreme Court's and the Sixth Circuit's application of the equitable tolling doctrine, this Court must apply the Pace test. A "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." United States v. Yoon, 398 F.3d 802, 806 (6th Cir. 2005)(citation omitted); see also Sixth Cir. R. 206(c).

of the law, even for an incarcerated pro se prisoner, generally does not excuse [late] filing.").

Hankins alleges that he was unaware of his rights "due to mental incompetence, indigence, and lack of representation. (D.E. 19 at 1-2.) The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. See Cantrell v. Knoxville Community Dev. Corp., 60 F.3d 1177, 1179-80 (6th Cir. 1995). However, the petitioner must make a threshold showing of incompetence, see Calderon v. United States District Court for Central District of California, 163 F.3d 530, 541 (9th Cir. 1998), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001). This conclusory allegation does not demonstrate that Hankins was incompetent so as to warrant the equitable tolling of the statute of limitations. Furthermore, nothing in the record suggests that Petitioner lacked notice or knowledge, whether actual or constructive, of the filing requirement, or that he would have been reasonable in remaining ignorant of the filing requirement.

Although Hankins alleges that he had limited access to legal representation due to his indigence, he fails to allege facts demonstrating attempts to contact prison legal helpers or attorneys about additional legal remedies and he supplies no affidavits supporting this allegation. Hankins had no federal constitutional right to counsel to mount collateral attacks upon his convictions. See Coleman v. Thompson, 501 U.S. 722, 752 (1984); Johnson v. Avery, 393 U.S. 483, 488 (1969). The right to appointed counsel

extends to the first appeal of right, and no further. <u>Pennsylvania v. Finley</u>, 481 at 554. Petitioner Hankins has not been diligent in pursuing his rights.

Hankins also contends that he is actually innocent of his offenses and "challenges on constitutional grounds the out-of-court eyewitness identification by three witnesses and the in-court identification and at the preliminary hearing and later, at the trial as violating the Petitioner's right to due process." (D.E. 1 at 6.) Hankins' argument is without merit because he cannot establish that the factual predicate for this claim could not have been discovered, through the exercise of reasonable diligence, at an earlier time. The record reflects that Hankins raised this claim, albeit unsuccessfully, during post-conviction proceedings as an issue of ineffective assistance of counsel for failing to file a motion to suppress the identification. (D.E. 18-2 at 58, 76-77; <u>Hankins v. State</u>, 2001 WL 285221 at *2.)

The Court determines that the application of equitable tolling is inappropriate under these circumstances. This petition is clearly barred by the AEDPA statute of limitations and disposition without an evidentiary hearing is proper. Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. Respondent's motion to dismiss is GRANTED (D.E. 18) and the petition is DISMISSED.

The Court must also determine whether to issue a certificate of appealability ("COA"). Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision

9

dismissing a § 2254 habeas petition and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997)(district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

10

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, Petitioner's petition is time-barred for the reasons previously stated. Because he cannot present a question of some substance about which reasonable jurists could differ, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2254 case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, Petitioner must seek permission from the district court under Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a

---

[3] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, Petitioner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 29th day of September, 2010.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE